[No. 4328.]

## RICHARD GARVEY v. HENRY M. WILLIS and SYDNEY P. WAITE.

Denial in Answer.—If the complaint alleges that the plaintiff has been in the adverse possession of land for four years, and the answer, which is filed one month after the filing of the complaint, denies such adverse possession for a longer time than four months previous to the filing of the same, it is equivalent to a denial that the plaintiff has been in possession for a period exceeding three months prior to the filing of the complaint.

Answer which Raises an Issue.—If, in an action to quiet title to real estate, the plaintiff, in his complaint, alleges that he is the owner of, and in possession of the property, and sets out a copy of the deed under which he claims, an answer which denies that he is the owner of, or in possession of the property, except as a tenant in common with the defendant, and alleges that the deed was not intended as a conveyance, but merely to enable the grantee to sell the property, and that the grantor subsequently conveyed to the defendant three-fifths undivided of the premises, contains a defense, and the plaintiff is not entitled to judgment on the pleadings.

Appeal from the District Court, Eighteenth Judicial District, County of San Bernardino.

Action to quiet title to a mining claim known as the Green Lead, near Holcomb Valley, San Bernardino County. The plaintiff, in his complaint, alleged that he was the owner, and in the possession of the mine; that he and his grantors had been in the exclusive adverse and continuous possession of the mine for four years last past; that the defendants claimed an estate and interest in the mine adverse to the plaintiff; that in 1867 one Moore owned and possessed the mine, and was indebted to the firm of Wolff & Folks, and to secure them, gave them a deed of the mine, and that the debt was paid in October, 1868, and Wolff reconveyed the mine, and in September, 1873, Folks conveyed his interest to the defendants without any consideration; that Wolff & Folks were partners, and the defendants took their deed with full notice, etc. The complaint had attached to it a copy of the deed from Wolff to the plaintiff, which purported to be a conveyance from Wolff & Folks,

but was executed and acknowledged by Wolff alone, in the name of, and for the firm. The answer, in addition to the matters stated in the opinion, alleged that the deed from Moore to Wolff & Folks was not intended as a mortgage, but a conveyance in consideration of a pre-existing debt, and that the deed from Wolff back to Moore was given on the representation of Moore that he could sell the claim to better advantage than Wolff could, and that Wolff, being desirous of making a sale, made the conveyance under the promise from Moore to pay him the proceeds when he sold, and that the plaintiff took the conveyance from Moore with notice, and that Folks conveyed to the defendants an undivided three-fifths of the mine. The defendants appealed.

The other facts are stated in the opinion.

*Henry M. Willis*, for the Appellant.

*John W. Satterwhite and Byron Waters*, for the Respondents.


By the COURT:

The plaintiff had judgment that he was owner of the whole of the premises in controversy, on the ground that nothing appeared in the answer which constituted a defense to the action. The defendants, by their answer, denied that the plaintiff was owner of the premises, or in possession thereof, except as tenant in common with the defendants; denied that the plaintiff had been in possession of the premises adversely to the claim of the defendants for a longer period of time than four months previous to the filing of the answer, which is equivalent to a denial that the plaintiff had been in such possession exceeding three months prior to the filing of the complaint. They alleged that the conveyance from Moore to Wolff & Folks was absolute; that Folks conveyed to the defendants an undivided interest of three-fifths in the premises; and they further allege that the purported reconveyance made by Wolff to Moore, through which they allege the plaintiff claims, was not in truth a reconveyance to Moore, and that this fact

was known to the plaintiff when he subsequently accepted a conveyance from Moore. Without stopping now to recite the contents of the answer further, it is sufficient to say that the plaintiff was not entitled to the judgment he obtained on the pleadings.

Judgment reversed, and cause remanded.